**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DERICK W. STEELE**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana



FILED

Apr 25 2012, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ABRAHAM PATTERSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1110-CR-1005 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable Brant J. Parry, Judge
Cause No. 34D02-1103-FD-40

**April 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Abraham Patterson appeals his conviction for Class D felony theft. We affirm.

**Issue**

Patterson raises one issue, which we restate as whether the trial court properly removed him from the courtroom because of his disruptive behavior.

**Facts**

On March 15, 2011, Patterson entered the Rural King in Kokomo and filled out a job application. Patterson then filled two shopping carts with merchandise and walked out of the store without paying for the items. Store manager Shawn Hobson followed Patterson and asked him to stop. Patterson did not stop, and Hobson followed Patterson to his vehicle. Patterson started putting the merchandise into his vehicle and refused Hobson's demands to stop. Patterson started to get into his vehicle, and Hobson "grabbed his shirt" and pulled him out of the vehicle. Tr. p. 18. Hobson and another customer subdued Patterson until the police arrived.

The State charged Patterson with Class D felony theft. Patterson filed a motion for psychiatric examination and to determine competency. The trial court granted the motion and appointed two psychiatrists or psychologists to examine Patterson. The trial court later determined that Patterson was competent to stand trial. Patterson then waived his right to a jury trial.

At Patterson's bench trial, Officer Douglas Mason testified for the State, and Patterson interrupted Officer Mason's testimony as follows:

THE DEFENDANT: I've never seen that individual before in my life.

THE COURT: Sir, you are going to have an opportunity to testify when it's your turn. At this point, Mr. Mason is going to testify and then if you [want] to later, you are going to have an opportunity to testify.

\* \* \* \* \*

Q: Please state what occurred when you arrived at the scene.

A: I was dispatched there along with Officer Tom Kelly to go for a–the dispatch was a theft in progress. When I arrived, Tom Kelly had already gotten there prior to me getting there and he had a crowd of people around him. One of which was in cuffs. That's the gentlemen sitting next to the defense . . . counsel. He had him detained for theft, he told me, for shoplifting and requested that I speak with the Store Manager and get some more information regarding that . . . .

THE DEFENDANT: I did not attempt any theft . . . .

THE COURT: You are going to have opportunity to tell me your side . . . .

THE DEFENDANT: I did not even walk (inaudible)

[DEFENSE COUNSEL]: Rodney, please . . . .

THE COURT: Rodney, you are going to have a chance . . . .

THE DEFENDANT: They got their merchandise back. I don't owe Rural King anything.

[DEFENSE COUNSEL]: Rodney, please . . . .

[DEFENSE COUNSEL]: Please, for your own good . . . .

THE COURT: You are going to have your chance to tell any side . . . .

3

THE DEFENDANT: I didn't attempt theft nor shoplifting. I applied for work there. And I noticed that my checkbook wasn't there and I tried to leave . . . .

THE COURT: RODNEY! You are going to have an opportunity to tell your side of the story, but you've got, we've got . . . .

THE DEFENDANT: And they arrested me on, like I said, . . . .

THE COURT: Do you want your chance or . . . .

THE DEFENDANT: I asked for a Fast and Speedy Trial, you should have honored that by July 21st due to the Indiana Code of Statues, piece [sic] and dignity. . . like I said, I'm overdue for a Trial by at least, what, let's see, it's September, so it's been . . . I've already served 6 months. So like I said, even if you did try to convict me of a Misdemeanor shoplifting, I've got time served. There's no reason for me to be here. I've got an employment agenda. I'm trying to go back to work for either Wal-Mart or go back to IUK. Like I said, I've got a lot of work to do. Like I said, I have no prior convictions. And like I said, I'm not even from Indiana.

THE COURT: Well, the longer you talk, the longer we are not going to get this over with. So if you want to . . . if you want to go through the process that we need to go through here, . . . .

THE DEFENDANT: Like I said, I applied for work with the Sheriff, with the Howard County Sheriff's Department a few months ago . . . .

THE COURT: Do you want to go through this process or do you not . . . (inaudible) Do you want us to do this without you being here?

THE DEFENDANT: I just want to get the charges dismissed. Like I said, I'm not going to plead guilty . . . .

THE COURT: We have to go through this Trial, which . . . .

4

THE DEFENDANT: So like I said, I'm entering a plea of innocent . . . .

THE COURT: So do you want to just not be here . . . while we do this? You don't have to be here if you are going to cause a disturbance of the Court. Or you can sit here and let us go through this and at the time when I tell you, then you will have your chance to tell us whatever you want to tell us.

[DEFENSE COUNSEL]: I told you that he will let you tell your story . . . .

THE COURT: Do you want to tell us your story later when I tell you it's your turn?

THE DEFENDANT: I already did give you my side of the story. Like I said I don't have . . . .

THE COURT: So you don't want to? Do you want to be . . . DO YOU WANT TO BE IN THE COURTROOM OR DO YOU WANT TO GO? Do you want to be in the Courtroom or do you want to go?

THE DEFENDANT: Basically, I just want to be released . . . and go out in the community and . . . .

THE COURT: That is not one of the options I just gave you. Either you can be in the Courtroom while we go through this . . . .

THE DEFENDANT: Fine.

THE COURT: You want to be in the Courtroom or do you want to leave?

THE DEFENDANT: Well, like I said . . . .

THE COURT: You want to be in the Courtroom or do you want to leave?

THE DEFENDANT: We can follow . . . .

THE COURT: Do you want to be in the Courtroom or do you want to leave?

[DEFENSE COUNSEL]: Rodney, you need to be quite [sic] . . . .

THE COURT: Do you want to be in the Courtroom or do you want to leave?

THE DEFENDANT: I'm entering a plea of innocent.

THE COURT: Do you want to be in the Courtroom or do you want to leave?

THE DEFENDANT: Like I said . . . whenever I'm released from jail, I'm seeking employer, I have . . . .

THE COURT: Do you want to be in the Courtroom right now and follow through the procedures or do you want to leave the Courtroom and we will do it without you being here? That's the only question I need you to answer.

THE DEFENDANT: I'd rather follow through with the procedure.

THE COURT: Then you are going to need to sit there and wait for your turn to talk. If you can't do that, then we are going to remove you.

[DEFENSE COUNSEL]: You are entitled to be here, just wait your turn, ok?

THE COURT: Go ahead Mr. Pate [deputy prosecutor].

* * * * *

Q: Ok. And what did he tell you?

A: He told me that Mr. Patterson had just entered the store and dropped off an application for an employment to Rural King. Once he had done that, he began to shop inside Rural King and had a grocery cart full of items. And once it was full of items, he said that he simply exited the store. But he

6

was being chased, of course, after he stopped, or after he passed all points to pay. He said he about knocked an elderly female down. Ran out in the parking lot . . . .

THE DEFENDANT: No, sir. No I did not . . . .

THE COURT: You are going to have . . . .

THE DEFENDANT: I am not abusive to women . . . .

THE COURT: This is the last time. Either you are going to, either you are going to go through the procedure . . . .

THE DEFENDANT: That's a, that's a false allegation . . . .

THE COURT: Well, you are going to have a chance to respond to any allegation, to every allegation when it's your turn.

THE DEFENDANT: Well, I'm not going to let him continuously lie to me and I'm not going to give you authority over me anyway. Not in a Courtroom that I don't necessarily respect. That's no . . . .

THE COURT: Well then we will just remove him and we will do this without you, so . . . go ahead and take him out. Go ahead, Mr. Pate.

Q: If you would, proceed w[h]ere you left off.

* * * * *

THE COURT: You can step down. The security is asking if they can transfer him back to the jail or not. He gave me his statement as he sat there. But he hadn't been sworn. Um, he is causing a disturbance each time he is here . . . .

[DEFENSE COUNSEL]: Judge, I'm not going to bring him back in to testify. I don't see . . .

THE COURT: I was going to ask. If you want him to come back up here and have a chance to testify . . . .

7

[DEFENSE COUNSEL]:   No, sir.  I would love to be able to put him on the stand and unfortunately, I don't think it's an option . . . I mean, I just think he's entitled to it.  I don't know how much he would lend to the process.  But . . . unfortunately, I don't think it's an option.

Tr. pp. 5-12, 15.  The trial court found Patterson guilty as charged and sentenced him to three years with one year suspended to probation.  Patterson now appeals.

## Analysis

Patterson argues that the trial court abused its discretion by removing him from the courtroom.  A criminal defendant's right to be present at his trial derives from the Sixth and Fourteenth Amendments to the United States Constitution and Article I, section 13 of the Indiana Constitution.  Campbell v. State, 732 N.E.2d 197, 204 (Ind. Ct. App. 2000).  However, a defendant's right to be present under either the United States Constitution or Indiana Constitutions may be waived if such waiver is knowing and voluntary.  Id. (citing Harrison v. State, 707 N.E.2d 767, 785 (Ind. 1999), cert. denied).  The United States Supreme Court has held:

> a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom.

Illinois v. Allen, 397 U.S. 337, 343, 90 S. Ct. 1057, 1060-61 (1970) (footnote omitted).  "[T]rial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case."  Id., 90 S. Ct. at 1061.  In Campbell, we noted that, although the United States Supreme Court in Allen

8

was only addressing the Sixth Amendment right to be present at trial, "we can perceive of no reason why an identical waiver rule should not also be applicable to Article I, section 13 of the Indiana Constitution." Campbell, 732 N.E.2d at 205.

Patterson first argues that he could only be removed due to "outrageous conduct . . . coupled with his express desire to leave the courtroom." Appellant's Br. p. 5. In support of his argument, Patterson relied on Perry v. State, 471 N.E.2d 270 (Ind. 1984), where the defendant expressly requested to be removed from the courtroom. However, our supreme court did not hold in Perry that both an express request and outrageous conduct were required to remove a defendant. In fact, such a holding would conflict with Allen, which held that a defendant can waive his or her right to be present during trial due to disruptive behavior.

Next, Patterson argues that his removal was unnecessary. Patterson repeatedly interrupted Officer Mason's testimony. The trial court provided numerous opportunities for Patterson to stop interrupting the proceedings, but Patterson refused to comply. The trial court was "extraordinarily patient" with Patterson and "provided him with every opportunity to remain in the courtroom." Campbell, 732 N.E.2d at 206. It is clear that the trial court had the discretion to remove Patterson from the courtroom due to his disruptive behavior.

Finally, Patterson also argues that the trial court should have allowed Patterson "to reclaim his right to be present at his trial." Appellant's Br. p. 6. In Allen, the United States Supreme Court held: "Once lost, the right to be present can, of course, be reclaimed as soon as the defendant is willing to conduct himself consistently with the

9

decorum and respect inherent in the concept of courts and judicial proceedings." <u>Allen</u>, 397 U.S. at 343, 90 S. Ct. at 1061. Patterson was removed from the courtroom during the first of two witnesses. Between the first and second witnesses, Patterson's counsel stated that, although he would like to have Patterson testify, he did not think it was "an option." Tr. p. 15. There is nothing in the record to indicate that Patterson was willing to conduct himself properly if returned to the courtroom, and his trial counsel did not believe it was appropriate to return Patterson to the courtroom. We cannot say that the trial court abused its discretion.

**Conclusion**

The trial court properly removed Patterson from the courtroom due to his disruptive behavior. We affirm.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.